IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:01-CR-167-HTW- FKB-4
    CIVIL NO. 3:16-CV-481- HTW

JOHN WILLIE JOHNSON

## ORDER

Before the Court are four motions related to petitioner's motion pursuant to §2255 to vacate, set aside or correct sentence by a person in federal custody. Two of the motions are filed by the petitioner, John Willie Johnson: 1) **[doc. no. 45],** a motion to deem admitted all of the arguments and allegations of Johnson's § 2255 petition; and 2) **[doc. no. 50],** a motion for an expedited ruling.[1] Two motions, filed by the government, are also before the court: 1) **[doc. no. 48],** motion for extension of time to file a response in opposition to Johnson's §2255 motion; and 2) **[doc. no. 51]**, a second motion for extension of time to file a response to Johnson's §2255 motion. The government has now filed its Response in Opposition to Johnson's §2255 motion [doc. no. 57]. The court, therefore, grants the requested extensions for time, retroactively, and the government's opposition brief is treated as timely filed.

Petitioner's Motion to Deem Admitted

Petitioner's motion to deem admitted all of the arguments and allegations of Johnson's §2255 petition, [doc. no. 45], is denied. This court previously denied Johnson's second motion to deem admitted [doc. no. 49] but inadvertently failed to address the earlier motion. The court does so now.

---

[1] The petitioner, John Willie Johnson, also has pending before this court a motion pursuant to §2255 to vacate, set aside or correct sentence by a person in federal custody [doc. no. 42]. This court will consider petitioner's §2255 motion separately and issue its opinion and order accordingly.

1

By its order of February 17, 2017, [doc. no. 44], this court ordered the Government to respond to Petitioner Johnson's § 2255 motion within ten days, an admittedly short period of time. The government failed to timely respond. The Petitioner, therefore, filed his motion asking that the matters alleged in his petition be deemed admitted and that his petition under §2255 be granted. The government filed its response to the first motion to deem admitted and also filed a motion for additional time to respond to Johnson's §2255 motion on June 5, 2017. On the same date, petitioner filed a second motion to deem admitted [doc. no. 49], and a motion to expedite ruling [doc. no. 50], seeking to have the court render its decision without considering the government's opposing briefs. The court entered its order on June 14, 2017, [doc. no. 55] denying petitioner's second motion to deem admitted, but failed to address the first such motion.

The Court is persuaded that to deem petitioner's allegations as admitted without a review of the merits would not be appropriate. To deem the alleged matters admitted and grant the petition, would be akin to a default judgment; and, as the Government points out in its brief [doc. no. 47], default judgments are not appropriate in habeas proceedings. *United States v. Morrison*, 2016 WL 5886697, at *40 (W.D. Tex. Aug. 10, 2016) (citing *Hyder v. Quarterman,* 2007 W.L. 2823301, at *6 (S.D. Tex. Sept. 27, 2007)). Default in habeas proceedings differs from default in other civil cases, because "it would not be the defaulting party but the public at large that would be made to suffer…" *Bermudez v. Reid,* 733 F. 2d 18, 21-22 (2d Cir. 1984).

According to the Fifth Circuit Court of Appeals, the government's delay in responding to a court order is not sufficient reason to grant a habeas petition. *Wiggins v. Procunier,* 753 F.2d 1318, 1321 (5th Cir. 1985) (citing *Hyder* at *6); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). Even the Government's inexcusable disregard of a district court's orders to respond to a petition, does not warrant the granting of the habeas petition. *Thompson v. United States*, 2010

WL 3782028 at *4 (E.D. Tex. Aug. 23, 2010) (citing *Bermudez v. Reid,* 733 F. 2d 18, 21-22 (2d Cir. 1984)). This court is persuaded that Petitioner's motion to deem admitted [doc. no. 49], should be and hereby is, denied.

This court is likewise persuaded that Petitioner's motion for expedited ruling [doc. no. 50]. should also be denied. The motion for expedited ruling is another attempt to have the court make its ruling without the government's Response to Johnson's §2255 motion, which this court declines to do. The court expects to make a ruling on petitioner's motion pursuant to §2255 within the next forty-five days, taking into consideration the briefs filed by both parties.

For all of the reasons stated, the Government's motions for extensions of time **[doc. no. 48]** and **[doc. no. 51]** are hereby **granted** and its response in opposition to Johnson's § 2255 motion [doc. no. 57] and is deemed timely filed. Petitioner's motion to deem admitted **[doc. no. 45]** and motion for expedited ruling **[doc. no. 50]** are hereby **denied.**

**SO ORDERED AND ADJUDGED,** this the 17th day of August, 2017.

                                                          s/ HENRY T. WINGATE
                                                         UNITED STATES DISTRICT JUDGE